ADOLPH H. LEVY et al. *v.* E. BAMBERGER & CO.

**Assignment for Benefit of Creditors — Want of Trustee — Sufficient Deed Attachment.**

 A trust will not fail for the want of a trustee.  If a trustee or assignee named in a deed or will refuse to act, the chancellor will appoint one.

**Deed of Assignment — Sufficiency.**

 The law does not require a deed of assignment to be written in any particular phraseology or according to any technical form.

**Recording Deed of Trust — Actual and Constructive Notice — Attachment.**

 An attachment will not be sustained where the attaching creditor had actual notice of the assignment before suing out the attachment.  The deed of assignment is sufficient notwithstanding the instrument wa; neither acknowledged nor recorded.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 14, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

 Jacob Ullman being indebted to various merchants and mercantile firms in the city of Louisville on accounts of goods sold by them respectively to him, and being unable to meet his obligations, as he expressed it in a letter addressed to appellees, Bamberger, Bloom & Co., on the 18th of February, 1866, and in that letter he informed them that he had given up his goods in Evansville for the benefit of his creditors, which he then estimated to be worth from $1,600 to $1,800, and stated his debts to amount to $2,077.20.

 On the same day the letter to appellee bears date, he wrote to Lechton as follows:

"Carlyle, Ill., February 18, '66.

"Dear Friend,— Mr. Fechenbach told me that you on your return will visit us which will please me much, because as you know I wanted *to* return my goods to my creditors when I had that difficulty in Boonville.  I, therefore, to-day wrote to Bamberger, Bloom & Co. and desire that you speak with Mr. Bloom about it. My goods are not quite as much as I owe; but I hope you will get a

receipt in full since I explained all the circumstances to Mr. Bloom. Please receive the goods to deliver the same to my creditors.

"With friendly salutations to Gertrude and Simon, I remain yours,

J. ULLMAN.

This Lechton proves to be a correct translation of the original document which was written in German, and it was received by him the same day it bears date, as he proves, he then being in *St. Louis*, and the goods therein referred to were received by him in Louisville, Ky., for the creditors of Ullman, put up in boxes, within two or three weeks after he received said document from Ullman.

On the 12th of March, 1866, E. Bamberger, Nathan Bloom and H. H. Moore, late partners composing the firm of E. Bamberger & Co., sued out an attachment and had it levied on said goods in possession of Lechton to satisfy their debt, and summoned him as garnishee to answer. Appellants Stephens, Hunes, and Levy being also creditors of Ullman, filed their joint petition to be made defendants to the action, and having been admitted to defend by the chancellor, they alleged the foregoing facts, and charged that said attached goods had been by Ullman by virtue of said writing and the delivery thereof conveyed to said Lechton in trust for all the creditors of said Ullman, and that the same should be sold, and the proceeds distributed *pro rata* amongst his creditors.

On final hearing the chancellor sustained the attachments of appellees, gave priority to their claims, applied so much of the proceeds of the sale of the goods as was necessary to pay the whole of their debt, and gave costs against appellants, and they appealed.

To sustain the decree of the chancellor appellees' counsel insists: 1. That the assignment of Ullman was incomplete and insufficient, because, as he construes it, it was only to operate on condition that the creditors would release him from the balance of the demands after the goods were exhausted. That objection is not tenable, for although a hope is expressed in the writing that the assignee may get a receipt in full of his creditors by Ullman, he certainly does not make that a condition upon which the goods are to be applied to the payment of his debts, because in a subsequent part of the writing he says, "please receive the goods and deliver the same to my creditors." This direction is without condition or reservation. Nor is the objection that the assignee or trustee had not accepted the trust well taken; the goods had been

delivered to him before the attachment had been sued out, and he had stored them with a commission merchant, insured them, and was holding them for the benefit of his creditors. But even if he had declined the trust, we apprehend that would not have defeated it. A trust will not fail for the want of a trustee; so that when a trustee or assignee named in a deed or will refuses to act, the chancellor will always appoint one. And for the same reason the failure of the trustee to execute a bond, and take the oath required by the act approved 2d March, 1860, would not defeat the trust.

As to the objection taken to the writing, that it is insufficient as a deed of assignment, we remark, the law does not require such instruments to be written in any particular phraseology, or according to any technical form. This instrument is founded on a meritorious consideration; the goods are sufficiently described, and the words used altogether sufficient to pass the title from the grantor; and we, therefore, see no available objection to the instrument as a deed of assignment for the want of form.

The objection to it because it was not recorded will now be considered. By section 11, chapter 24, 1 Rev. Stat., p. 280, it is provided that no deeds of trust or mortgages, conveying a legal or equitable title to real or personal estate, shall be valid against a purchaser for a valuable consideration *without* notice thereof, or against any creditor, unless such deed be acknowledged or proved according to law, and lodged with the proper officer for record.

The instrument under consideration was neither acknowledged by the maker, nor proved and lodged with the proper officer for record, and whether these are indispensable prerequisities to enable appellants to avail themselves of the benefits attempted to be secured to them thereby is the main question in the case. We understand the section *supra* as if it had read, no deeds of trust or mortgages conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, *or a creditor without notice,* thus making the notice apply as well to creditors as to purchasers for a valuable consideration, and thus understanding it, we must conclude that where creditors have *actual notice* of the deed of trust or mortgage, the acknowledgment before the clerk, or proof thereof, and lodging the same in the proper office for record, which are required for the purpose of notice, and which at best can only operate as a constructive notice, cannot be necessary, and that if the *Legislature* had intended that the deed of trust or mortgage should be recorded, or lodged for

record, notwithstanding there may have been actual notice, the words " without notice thereof " would have been omitted.

Wherefore, as appellees had actual notice before they sued out their attachments, and as the instrument is sufficient to pass the title to the trustee, their attachments were improperly sustained; and the decree is, therefore, reversed, and the cause is remanded with directions that the court below ascertain by the master the amount of Ullman's indebtedness, and to distribute the proceeds of said goods *pro rata* amongst said creditors, and for further proceedings consistent herewith.

*Byar & Bacon,* for Appellants.

*Dembitz,* for Appellees.